# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMERICAN POSTAL** ) <br> **WORKERS UNION, AFL-CIO** ) <br> ) <br> 1300 L Street NW ) <br> Washington, DC  20005 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **UNITED STATES POSTAL** ) <br> **REGULATORY COMMISSION** ) <br> ) <br> 901 New York Avenue NW, ) <br> Suite 200 ) <br> Washington, DC  20268 ) | Civil Action No. |

## COMPLAINT

1.   This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, for injunctive and other appropriate relief, seeking the immediate processing and release of records requested by Plaintiff American Postal Workers Union, AFL-CIO from Defendant Postal Regulatory Commission.

2.   Plaintiff submitted a FOIA request to Defendant on May 30, 2014 seeking information regarding the United States Postal Service's service agreement with Staples, Inc. The Postal Regulatory Commission denied the request on June 11, 2014. Plaintiff administratively appealed the Postal Regulatory Commission's

decision on August 8, 2014. Defendant rejected this administrative appeal on September 2, 2014.

3.  To vindicate the public right to information regarding the Postal Service's agreement with Staples, Inc. and its effect on service, financing, mail sanctity and security, and effect on post office closings, Plaintiff seeks an injunction requiring the Defendant to process its request immediately and to release records that have been unlawfully withheld.

## PARTIES

4.  Plaintiff American Postal Workers Union, AFL-CIO ("APWU") is a labor organization based in Washington, DC that represents over 200,000 United States Postal Service employees and retirees and approximately 2,000 private-sector mail workers. The APWU consists of multiple state and local unions as well as retiree and auxiliary chapters. The APWU represents its bargaining unit members with regard to wages, hours, and working conditions.

5.  In accordance with 39 U.S.C. § 501, Defendant Postal Regulatory Commission ("PRC") is an independent Federal agency that exercises regulatory oversight over the United States Postal Service, and is an agency within the meaning of 5 U.S.C. § 552(f)(1). The PRC has possession and control of the records at issue in this action.

## JURISDICTION AND VENUE

6. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1331, and 28 U.S.C. § 2201.

7. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## FACTS

8. The United States Postal Service announced a Retail Partner Expansion Program in 2014 to "provid[e] expanded access to postal products and services," including in retail stores, in a press release dated April 22, 2014 and attached hereto as Exhibit A. As part of the expansion program, the Postal Service announced a pilot program with Staples, Inc. to provide postal products and services within Staples stores.

9. By letter dated May 30, 2014, attached hereto as Exhibit B, the APWU requested information regarding the USPS's service agreement with Staples, Inc. in electronic format.

10. Specifically, the APWU requested that the USPS provide the "docket numbers of any proceedings involving the Postal Service's negotiated service agreement(s) with Staples, Inc." and any documents in the file.

11. The PRC rejected the APWU's FOIA request by letter dated June 11, 2014, attached hereto as Exhibit C. In rejecting the APWU's FOIA request, the PRC cited 5 U.S.C. § 552(b)(4), known as "Exemption 4" to FOIA.

12. By letter dated August 8, 2014, attached hereto as Exhibit D, the APWU administratively appealed the PRC's decision to reject its FOIA request.

13. The PRC rejected the APWU's administrative appeal by letter dated September 2, 2014, attached hereto as Exhibit E. In rejecting the APWU's appeal, the PRC cited 5 U.S.C. § 552(b)(4), known as "Exemption 4" to FOIA and 5 U.S.C. § 552(b)(3), known as "Exemption 3" to FOIA.

14. In denying the APWU's FOIA request, the PRC failed to explain adequately how the requested information fit under Exemption 3 or Exemption 4 to FOIA given the APWU's request.

15. In denying the APWU's FOIA request, the PRC failed to distinguish between the contract itself and any specific information it claims must be redacted as confidential, in contravention of the law including *Piper & Marbury, L.L.P. v. United States Postal Service*, No. 99-2383, 2001 WL 214217 at *3-4 (D.D.C. Mar. 6, 2001) (Facciola, J.).

16. The PRC's own denial of the APWU's administrative appeal acknowledged the difference between specifically redacted information and entire documents such as contracts: "the public filing entered in the Commission's

docket typically contains Governors' Decisions, contracts, and other supporting documents in which any confidential commercial or financial information is redacted." Ex. E at p. 2.  Yet the PRC refused to provide even the redacted version of these ostensibly public documents in response to the APWU's FOIA request.

17.   The PRC denied the APWU's FOIA request on the grounds that doing so would "reveal confidential commercial information, such as the very existence of a negotiated service agreement, the identity of the customer, or the number and types of agreements." Ex. E at p. 2. Yet the Postal Service has publicly announced its agreement with Staples, in press releases, on the USPS.com website, and at public ribbon-cutting ceremonies. Having publicly disclosed the Staples pilot program, the existence of the Postal Service's contract with Staples is neither a trade secret, nor is it the type of information that under good business practice would not be publicly disclosed.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

18.   Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth below.

19.   In denying the APWU's FOIA request, the PRC categorically withheld all requested information under either Exemption 3 or Exemption 4, without distinguishing between the contracts and documents requested as a whole

and any specific information asserted to be protected by Exemption 3 or Exemption 4. This blanket denial contravenes the law including *Piper & Marbury, L.L.P. v. United States Postal Service*, No. 99-2383, 2001 WL 214217 (D.D.C. Mar. 6, 2001).

20. In denying the APWU's FOIA request the PRC failed to provide a *Vaughn* index, a description of each document withheld or redacted, and an explanation of the reasons for non-disclosure, as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

21. In denying the APWU's FOIA request the PRC failed to conduct a segregability analysis and disclose all reasonably segregable, non-exempt portions of the records requested.

22. In denying the APWU's FOIA request, the PRC failed to explain how the requested information fit either Exemption 3 or Exemption 4 given the substantial public voluntary disclosures of information that both the Postal Service and Staples have made regarding the existence of the negotiated service agreements to the general public.

23. By each of these acts and omissions, Defendant has violated the Freedom of Information Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays this Court to

1. Order the Postal Regulatory Commission to immediately and expeditiously process the APWU's FOIA request and disclose the requested records to the APWU in electronic format;

2. In the event that the Court concludes that some information requested is exempt from disclosure, order the Postal Regulatory Commission to provide a redacted copy of the information requested, disclosing all segregable parts of the contract and documents requested;

3. Order the Postal Regulatory Commission to produce a *Vaughn* index, describing each document withheld or redacted, and the reasons for non-disclosure;

4. Retain jurisdiction over this case to ensure compliance with the Court's decree;

5. Award the APWU their costs and reasonable attorneys' fees incurred in this action; and

6. Grant such other relief as the Court may deem just and proper.

November 4, 2014

Respectfully submitted,

/s/ Lorrie Bradley

Michael T. Anderson (459617)
Lorrie E. Bradley (996379)
Murphy Anderson PLLC
1701 K Street NW, Suite 210
Washington, DC 20006
(202) 223-2620
(202) 223-8651 (fax)
manderson@murphypllc.com
lbradley@murphypllc.com

Attorneys for Plaintiff
American Postal Workers Union